UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE WAHL,                    :    HONORABLE JOSEPH E. IRENAS
                               :  Civ. Action No. 12-2143(JEI/AMD)
            Plaintiff,         :
                               :           **OPINION**
     v.                        :
                               :
                               :
CHIEF W. HARRY EARLE, ET AL., :
                               :
            Defendants.        :
_____:


KEARNEY AND ASSOCIATES, P.C.
By: Linda Campbell, Esq.
210 White Horse Pike
P.O. Box 279
Haddon Heights, New Jersey 08035
          Counsel for Plaintiff

WILLIAM J. FERREN & ASSOCIATES
By: Timothy J. Kepner, Esq.
1500 Market Street, Suite 2920
Philadelphia, Pennsylvania 19102
          Counsel for Defendants


**IRENAS**, Senior District Judge:

    This suit arises out of Plaintiff George Wahl's arrest by
the Gloucester Township Police on April 15, 2010.  Plaintiff
principally alleges that the arresting officers used excessive
force to effectuate his arrest.  Defendants, Gloucester Township,
Gloucester Township Police Department, Police Chief W. Harry
Earl, and individual police officers Matthew DiCamillo, and
Timothy Kohlmyer, move to dismiss some of the claims asserted in
the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the

reasons stated herein, the Motion will be granted in part and denied in part.

## I.

The Complaint alleges the following facts.[1]  Plaintiff and his wife had a "verbal argument" which caused Plaintiff's mother-in-law to call the police.  (Compl. "Facts" Section, ¶¶ 1-2) When the police arrived at Plaintiff's home, they "confronted" Plaintiff, who did not immediately cooperate with the police.  (Id.. ¶¶ 3-4)  At that time, "[t]he police told the plaintiff he was under arrest," and then "[t]he police grabbed plaintiff's arm to place it behind his back."  (Id. ¶¶ 5, 7)  "The plaintiff told the officer to be careful of his arm.  The plaintiff had injured it in a prior accident."  (Id. ¶ 8)

Thereafter, Plaintiff alleges that "the defendants" (without distinguishing between any of the defendants) took the following actions:

- "hit the plaintiff in the face with a closed fist"

---

[1]  The 18-page Complaint is rife with vague and conclusory legal assertions.  However, the Court focuses on the factual allegations of the Complaint, which consume only two pages.  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted).

- "hit the plaintiff several times about the head and body with a closed fist"

- "forced plaintiff to the ground"

- "continued to hit and/or kick plaintiff while he was on the ground"

- "sprayed Oleoresin Capslcum [sic] into the plaintiff's face and/or eyes"

- "broke [plaintiff's] cell phone"

- "hit plaintiff's head on the outside mirror of the police patrol car"

- after placing plaintiff in the back seat of the car without a seat belt, "drove the police vehicle fast and then slammed on their brakes so that the plaintiff would fly forward and hit his face on the cage."

(Id. ¶¶ 9-17)

Plaintiff was "indicted on two counts of Aggravated Assault on a Police Officer and Resisting Arrest" (Id. ¶ 19), but ultimately those counts were "dismissed" and "plaintiff pled to using foul language." (Id. ¶ 20)

The Complaint contains nine individual counts, but some of the counts assert multiple claims, and some of the claims overlap from count to count. The Complaint seems to assert the following claims: federal constitutional violations pursuant to 42 U.S.C. § 1983, and analogous violations of the New Jersey state constitution-- specifically (1) the use of excessive force during Plaintiff's arrest (Compl. Count 1, ¶¶ 2-3; Count 7, ¶¶ 2c., f., i.) (2) false arrest (Count 1, ¶ 5; Count 2, ¶ 3; Count 7, ¶ 2a.) (3) false imprisonment (Count 6, ¶ 4); and (4) "deprivation of

3

liberty . . . without due process of law," (Count 7, ¶ 2e.); state common law tort claims including (5) "intentional tort" (Count 3); (6) "reckless[ness] / gross negligence" (Count 4); (7) "negligence" (Count 5); (8) supervisory liability for the constitutional violations (e.g., failure to train) (Counts 6, 8); (9) municipal liability for the constitutional violations (Count 9); and (10) conspiracy to violate Plaintiff's constitutional rights (Count 9).

Defendants presently move to dismiss the state law tort claims, the conspiracy claim, and the Due Process claims.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.

4

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.

Defendants assert three arguments: (1) Plaintiff's state law claims fail for lack of notice pursuant to the New Jersey Tort Claims Act; (2) the conspiracy claim fails as a matter of law; and (3) Plaintiff's Due Process claims fail as a matter of law.

The Court addresses each argument in turn.

## A.

The New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., requires written notice of tort claims to be served on public employees and entities within 90 days of the accrual of claims covered by the Act.  *See* N.J.S.A. 59:8-3; 59:8-8.  Failure to timely provide notice is a bar to suit.  N.J.S.A. 59:8-9.

Defendants move to dismiss asserting that they "never received a Notice of Tort Claim from Plaintiff."  (Moving Brief,

p. 7)  However, in opposition, Plaintiff has produced a letter
from his former attorneys, dated May 26, 2010, and entitled "Tort
Claims Notice Pursuant to Title 59."  (Pl's Ex. D)  He has also
produced certified mail receipts indicating that the Gloucester
Police Department received the Notice.  (Id.)

Defendants make no argument in reply to Plaintiff's
opposition.

Plaintiff has sufficiently demonstrated his compliance with
the Tort Claims Act notice requirements.  Accordingly,
Defendants' Motion to Dismiss the state law tort claims will be
denied.

## B.

Next, Defendants argue that Complaint does not adequately
plead facts supporting the conspiracy claim.  The Court agrees.[2]

The Court begins with the basic holding of *Leatherman v.
Tarrant County Narcotics Intelligence and Coordination Unit*:
there is no "heightened pleading standard" for § 1983 claims;
"Rule 8(a)(2) requires that a complaint include only 'a short
plain statement of the claim showing that the pleader is entitled
to relief.'" 507 U.S. 163, 168 (1993).  Even after *Twombly* and
*Iqbal*, to survive a motion to dismiss, a plaintiff must "'simply

---

[2]  The Court does not reach Defendants' alternative argument
that the intracorporate conspiracy doctrine bars the conspiracy
claim.

[plead] enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]'" of the claim. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

"To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993).[3] It is undisputed that the Complaint sufficiently pleads the violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures under color of law. Thus the only remaining question is whether the Complaint pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence of," *West Penn Allegheny Health Sys.,* 627 F.3d at 98, an agreement between two or more of the Defendants to violate Plaintiff's rights. The Court concludes that it does not.

The Complaint does not distinguish between any of the Defendants in any of its factual allegations. It merely asserts that "the defendants arrived at plaintiff's home"; "[t]he police grabbed the plaintiff's arm"; "[t]he defendants hit the plaintiff several times"; "[t]he defendant(s) [sic] forced plaintiff to the

---

[3]  Overruled on other grounds by *UA Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003).

ground", and "[t]he defendant continued to hit and/or kick the plaintiff while he was on the ground," *et cetera*.  (Compl. "Facts" Section, ¶¶ 7, 10, 11, 12)

    With respect to Defendants Gloucester Township and Gloucester Township Police Department these allegations are simply nonsensical.  Moreover, it is implausible that Defendant Chief of Police Harry Earle was present at Plaintiff's home during the arrest or even knew about the arrest as it was taking place.  With respect to these Defendants, the Complaint pleads no facts whatsoever that would suggest an agreement to violate Plaintiff's constitutional rights.  Certainly none of the pled facts plausibly support a conclusion that the township, the police department, or the chief of police agreed with the individual officers (DiCamillo and Kohlmyer) that they should use excessive force in effectuating Plaintiff's arrest.

    The allegations are also insufficient as to Defendants DiCamillo and Kohlmyer.  The Complaint implicitly pleads their concerted action by simply failing to identify which Defendants took what actions.  Such allegations alone do not reasonably raise an expectation that discovery will reveal evidence of an agreement to use excessive force when arresting Plaintiff.

    In short, Plaintiff paints all Defendants with a broad brush of excessive force allegations and then in conclusory fashion asserts in the very last paragraph of his Complaint "[a]s a

direct and proximate result of the acts and omissions and/or conspiracy of the Defendants . . . the Plaintiff's constitutional rights were violated."  (Compl. Count 9, ¶ 12)  Such pleading cannot withstand the instant Motion to Dismiss.  Defendants' Motion will be granted as to the conspiracy claim.

### C.

Lastly, Defendants move to dismiss Plaintiff's claims of Due Process violations under the Fifth and Fourteenth Amendments.

The Fifth Amendment Due Process claim fails because the Fifth Amendment's due process clause applies only to federal action, whereas the Fourteenth Amendment's due process clause applies to state action.  *Dunbar v. Barone*, 2012 U.S. App. LEXIS 14040 at *9-10 n.3 (3d Cir. 2012); *see also Curry v. McCanless,* 307 U.S. 357, 370 (1939).  This suit concerns only state action, therefore the Fifth Amendment Due Process claim will be dismissed.

As to the Fourteenth Amendment claim, in *Graham v. Connor*, the Supreme Court held,

> all claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest . . . should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide

9

for analyzing these claims.
490 U.S. 386, 395 (1989).  Plaintiff's Due Process claim is based
on the same alleged facts supporting his Fourth Amendment
excessive force claim, therefore it will be dismissed.

Defendants' Motion to Dismiss will be granted as to the Due
Process claims under the Fifth and Fourteenth Amendments.

**IV.**

For the above-stated reasons, Defendants' Motion to Dismiss
will be granted in part and denied in part.  Specifically, the
Motion will be denied as to the state law claims and granted as
to the conspiracy claim and Due Process claims.  An appropriate
Order accompanies this Opinion.

Date: September 26, 2012         <u>  s/ Joseph E. Irenas      </u>
                                 **JOSEPH E. IRENAS, S.U.S.D.J.**

10